IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>JONATHAN WILSON, JOSHUA PARFITT, and CAMILLA IORG,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR FORFEITURE<br><br>Case No. 2:18-cr-00279-JNP<br><br>Judge Jill N. Parrish |

Before the court is the Government's motion for an order of forfeiture. [Docket 84]. The court DENIES the motion.

The indictment as to defendants Jonathan Wilson, Joshua Parfitt, and Camilla Iorg does not notify the defendants that the Government would seek forfeiture of the handgun, magazines, and ammunition recovered from them. In their Statements in Advance of Plea, each of the defendants purported to "waive the requirements regarding notice of forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment." The Government now moves for a preliminary order of forfeiture as to the handgun and accessories, arguing that the waiver provisions in the Statements in Advance of Plea excuse the absence of a notice of intent to seek forfeiture in the indictment.

Rule 32.2(a) of the Federal Rules of Criminal Procedure states: "A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute." By its plain terms, this provision is not

waivable by the defendant. The rule is not phrased in terms of a procedural right owed to the defendant. It is a direct command to the court explicitly prohibiting the entry of a judgment of forfeiture if notice is not given in the indictment. Thus, the waivers executed by the defendants are ineffective.

The case cited by the Government does not support its argument that the court should enter a preliminary order of forfeiture. Indeed, in *United States v. Penry*, 515 F. App'x 784, 787–88 (10th Cir. 2013) (unpublished), the Tenth Circuit confirmed that a forfeiture order under Rule 32.2

> may issue only if "the indictment or information contains notice to the defendant that the government will seek forfeiture of property as part of any sentence in accordance with the applicable statute." In this case, the indictment did not contain a forfeiture count pursuant to § 2253 and, accordingly, the district court did not enter a criminal forfeiture order in the judgment.

*Id.* (citation and footnote omitted). Although the court ultimately held that the criminal defendant was not entitled to the return of a laptop computer and hard drive that he had used to store child pornography, Penry confirms that the district court properly declined to enter an order of forfeiture. *Id.* at 787–89.

In sum, because the Government did not give the required notice in the indictment, its motion for an order of forfeiture is DENIED. [Docket 84].

DATED March 7, 2019.

BY THE COURT:

_____
JILL N. PARRISH
United States District Court Judge